FILED
United States Court of Appeals
Tenth Circuit

February 3, 2009

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

JEFFREY R. HEIDER,

      Defendant-Appellant.

No. 08-3256
(D.C. No. 6:07-CR-10220-WEB-1)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY, HARTZ**, and **McCONNELL**, Circuit Judges.

The government has moved to enforce defendant Jeffrey R. Heider's waiver

of his right to appeal as set forth in the parties' plea agreement, and to dismiss

this appeal. Mr. Heider's appointed counsel filed a response pursuant to *Anders*

*v. California*, 386 U.S. 738 (1967), stating that this appeal presents no legally

nonfrivolous issues, and counsel moves to withdraw. At this court's request,

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

Mr. Heider filed a pro se response arguing that the plea agreement should not be enforced because enforcement of the appeal waiver would result in a miscarriage of justice.

Mr. Heider pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g) and to corruptly influencing a witness in violation of 18 U.S.C. § 1512(b). Pursuant to the comprehensive plea agreement, he "knowingly and voluntarily waive[d] any right to appeal . . . any matter in connection with this prosecution, [his] conviction, and sentence." Plea Agreement at 6. Further, he agreed to "waive[] any right to file and prosecute an appeal of a sentence imposed which is within the guideline range determined appropriate by the court." *Id.* Additionally, he "waive[d] the right to appeal the sentence imposed . . . except to the extent . . . the court depart[ed] upwards from the applicable sentencing guideline range determined by the court." *Id.*

At sentencing, the district court determined, among other things, that a four-level guideline enhancement was appropriate after finding that Mr. Heider possessed the firearm in connection with another felony offense. The district court then sentenced Mr. Heider to 120 months of imprisonment on the felon-in-possession count and 180 months of imprisonment on the influencing-a-witness count, with the sentences to run concurrently.

Thereafter, Mr. Heider filed a notice of appeal. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315

(10th Cir. 2004) (en banc) (per curiam).  In *Hahn*, we held that a waiver of appellate rights will be enforced if (1) "the disputed appeal falls within the scope of the waiver of appellate rights"; (2) "the defendant knowingly and voluntarily waived his appellate rights"; and (3) "enforcing the waiver would [not] result in a miscarriage of justice."  *Id.* at 1325.  The miscarriage-of-justice factor requires the defendant to show (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful."  *Id.* at 1327 (quotation marks omitted).  To satisfy the last factor, "the error must seriously affect the fairness, integrity or public reputation of judicial proceedings."  *Id.* (quotation marks and alterations omitted).

Because Mr. Heider's arguments concern only the third *Hahn* factor– miscarriage of justice–we address only this factor.  *See United States v. Porter*, 405 F.3d 1136, 1143 (10th Cir. 2005) (recognizing that court need not address each *Hahn* factor if defendant does not raise issue relating to that factor).

Mr. Heider argues that the appeal waiver should not be enforced on miscarriage-of-justice grounds because the government withheld exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).  According to Mr. Heider, the prosecution failed to produce ballistics reports until sentencing and these reports were used for the relevant-conduct, four-level enhancement.  He

contends he would not have signed the plea agreement if he had been aware of these reports.

Liberally construing Mr. Heider's pro se response, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), we conclude that he has not shown a miscarriage of justice. His concurrent sentences of 120 and 180 months are within the statutory maximums of ten years for the felon-in-possession count and twenty years for the witness-influencing count.

And the waiver is not "otherwise unlawful." *See Hahn*, 359 F.3d at 1327 (quotation omitted). The plea agreement specified that the guidelines be applied by the district court, that the district court could consider any reliable evidence in determining the offense level, that the district court could consider conduct charged in dismissed counts of the indictment and other uncharged criminal activity as relevant conduct when calculating the offense level for the two counts to which Mr. Heider pled guilty, that the district court would be the sole decider of his sentence, and that Mr. Heider waived any right to appeal a sentence imposed within the guideline range determined by the court. The plea agreement also indicated that Mr. Heider understood that

> the United States will provide to the court and the United States Probation Office all information it deems relevant to determining the appropriate sentence in this case. This may include information concerning the background, character, and conduct of [Mr. Heider] including the entirety of [his] criminal activities. [He] understands these disclosures are not limited to the count to which [he] has pled guilty.

Plea Agreement at 7. Additionally, at the change of plea hearing, Mr. Heider again confirmed that he understood that the sentence was a matter solely within the district court's discretion and that the court could consider any reliable information about his background, character, and conduct at the time of sentencing. The plea agreement and plea-hearing colloquy establish that the court's determination of the guideline range set the bounds for the waiver, permitting an appeal only to the extent the court departed upwards from the applicable sentencing guideline range determined by the court. Thus, Mr. Heider has not shown that enforcement of the waiver would result in a miscarriage of justice "seriously affect[ing] the fairness, integrity or public reputation of judicial proceedings." *See Hahn*, 359 F.3d at 1327 (quotation marks omitted).

Accordingly, we GRANT the government's motion to enforce the plea agreement, GRANT Mr. Heider's counsel's motion to withdraw, and DISMISS the appeal.

ENTERED FOR THE COURT
PER CURIAM